UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Irvin Jefferson Wilson, | ) | C/A No. 6:15-4835-MGL-TER |
| aka Irvin Jefferson Wilson # 158202 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Officer Braham, | ) | |
| Benjamin Cothran, | ) | |
| Michael Onell, | ) | |
| Officer Collier, | ) | |
| Officer Munoz, | ) | |
| Charles Cothran, | ) | |
| Sheriff Steve Loftis, Police Officer, Greenville Law | ) | |
|     Enforcement, State of South Carolina | ) | |
| E. Powers Price, Esquire, | ) | |
| Alex Stalvey, Esquire, | ) | |
| Allen Wilson, Attorney General, State of SC | ) | |
| W. Walter Wilkins, Solicitor, | ) | |
| Mark Moyer, Assistant Solicitor, | ) | |
|     Thirteenth Judicial Circuit, | ) | |
| Knox White, Mayor, Greenville, S.C., | ) | |
| Darren Vaughn, | ) | |
| Edward Irick, | ) | |
| Officer Harvell, | ) | |
| Kitty Hyatt, | ) | |
| S. Brown, | ) | |
| Wayne Shepardson, Foreman, Grand Jury, | ) | |
|     Thirteenth Judicial Circuit, | ) | |
|     Greenville, South Carolina,; | ) | |
| | ) | |
| Defendants. | ) | |

_____

This is a civil action filed *pro se* by the Plaintiff related to certain criminal charges in the state court system. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases

1

and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Irvin Jefferson Wilson ("Plaintiff") has filed a lengthy pleading covering events dating back to 2014, all of which appear to arise out of, or be related to an April 24, 2014 arrest for petit larceny and a July 30, 2014 arrest, and subsequent October 2015 conviction for possession of burglary tools. It appears that on April 24, 2014, Plaintiff was arrested for petit or simple larceny, with an enhancement pursuant to S.C. Code Ann. §16-1-57.[1](Case Number 2014A232060098) See https://www2.greenvillecounty.org/SCJD /PublicIndex/CaseDetails.aspx?County= 23&CourtAgency=23206&Casenum=2014A2320600998&CaseType=C. The case was transferred from the City of Greenville Municipal Court to General Sessions Court in May of 2014. See https://www2.greenvillecounty.org/SCJD/ PublicIndex/CaseDetails.aspx?County =23&CourtAgency=23001&Casenum=2014A2320600998&CaseType=C. A true bill of the indictment was filed on June 30, 2015. *Id*. (Indictment No. 2014-GS-23-5690). Plaintiff was also arrested on July 30, 2014 on a charge of possession of burglary tools/making implements capable of being used in a crime. See https://www2.greenvillecounty.org/SCJD/

---

[1] § 16-1-57 is entitled: Classification of third or subsequent conviction of certain property crimes and provides as follows:
> A person convicted of an offense for which the term of imprisonment is contingent upon the value of the property involved must, upon conviction for a third or subsequent offense, be punished as prescribed for a Class E felony.

S.C. Code Ann. § 16-1-57.

PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23001&Casenum=2014A2320601800 &CaseType=C. The case was transferred from the City of Greenville Municipal Court to General Sessions Court in August of 2014. A true bill of the indictment was filed on June 30, 2015. *Id.* (Case No. 2014A2320601800, Indictment No. 2014_GS-23-8401). Plaintiff was found guilty as to the possession of burglary tools charge on October 15, 2015, and sentenced to 442 days. The next day, on October 16, 2015, Plaintiff's petit larceny charge was dismissed for reasons of prosecutorial discretion.     *See*    https://www2.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx? County=23&CourtAgency=23001&Casenum=2014A2320600998&CaseType=C. In his complaint, Plaintiff names as defendants a number of law enforcement officers, prosecutors, and defense attorneys with whom he has had contact as a result of the arrests and prosecution noted above. Plaintiff alleges <u>inter alia</u>, unlawful detention, false arrest and false imprisonment as to the two charges. Plaintiff further alleges deficiencies in his indictments. He names as additional defendants the grand jury foreman during the time at which his indictments were true billed, and the Mayor of Greenville, South Carolina. Plaintiff seeks monetary damages.

<u>INITIAL REVIEW</u>

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint.[2] This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the

---

[2]It appears that at the time of filing, Plaintiff was not incarcerated.

development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dept of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or conjure up questions never squarely presented to the to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307.08 (1989) (Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.).

DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, a number of the Defendants named by Plaintiff are entitled to immunity from suit.

The Defendants W. Walter Wilkins, and Mark Moyer have prosecutorial immunity from suit. In *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States

Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." Plaintiff alleges that Defendant assistant solicitor Mark Moyer signed his indictment and that he had the discretion to decide whether to charge Plaintiff with a criminal offense. Doc. 1 at 11, 19. The law is well established that the decision whether to prosecute or not to prosecute is protected from suit by prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128. Similarly, the allegations against Thirteenth Judicial Circuit Solicitor Defendant Wilkins relate to Plaintiff's assertion that Defendant Wilkins should have "file[d] a motion for a no bill by the state grand jury" and "failed to train and supervise his subordinates" in relation to the charges brought against Plaintiff in the criminal case. Docket at 1 at 18. All of the Plaintiff's allegations relate to the judicial phase of the criminal process, invoking prosecutorial immunity. *See Anderson v. Miller*, 2008 WL 5100845, at *5 (D.S.C. 2008).

Similarly, Attorney General Alan Wilson is also subject to dismissal. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, the South Carolina Attorney General is the chief prosecuting officer of the State of South Carolina. *See* S.C.Code Ann., S.C. CONST Art. V, § 24 (1995). The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process. *See, e.g., Williams v. Condon,* 347 S.C. 227, 553 S.E.2d 496 (S.C.App.2001)**;** *Garrett v. McMaster,* 7:07–2952–HFF–WMC, 2008 WL 3411673 (D.S.C. Aug.11, 2008) (finding that the Attorney

General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case). *Cf. Van de Kamp v. Goldstein,* ––– U.S. ––––, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). To the extent that the defendants' alleged wrongful conduct relates to Plaintiff's criminal case, and is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff, Defendant Wilson would have absolute immunity from suit. *See Wilder v. Brooks,* C/A No. 3:08–3089–MBS–JRM, 2009 WL 291065 (D.S.C. Feb.4, 2009) (noting that in South Carolina the Attorney General's Office supplies attorneys who represent the State in PCR actions and those attorneys serve as prosecutors because they urge the PCR judge to uphold the criminal sentence under attack). *See Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

To the extent Plaintiff brings suit against Defendant Attorney General Wilson in his official capacity, this suit is barred by the Eleventh Amendment. "State sovereign immunity is a bedrock principle of 'Our Federalism.' " *Virginia v. Reinhard,* 568 F.3d 110, 115 (4th Cir.2009)(citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides,

7

"[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." E.g., *Fed. Maritime Comm. v. South Carolina State Ports Auth.,* 535 U.S. 743, 747, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States). *See also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.,* a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C.Code Ann. § 15–78–20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Thus, the Eleventh Amendment bars this suit against a state officials acting in his official capacity. *See Morstad v. Dept. of Corr.,* 147 F.3d 741, 744 (8th Cir.1998). <u>Charley v. Office of the Atty. Gen.</u>, 2010 WL 2571866, at *3 (D.S.C. May 21, 2010) report and recommendation adopted, 2010 WL 2571739 (D.S.C. June 21, 2010) aff'd sub nom. *Charley v. Office of Atty. Gen.*, 404 F. App'x 739 (4th Cir. 2010).

In regards to any individual liability on the part of Attorney General Wilson, Plaintiff has not alleged that Wilson was personally involved in the prosecution of his criminal charges. It appears that Plaintiff is suing Defendant Wilson for his purported failure to "supervise his subordinates not

8

to tamper with citizens constitutional rights . . ..[3] Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud,* 13 F.3d 701, 798 (4th Cir.1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris,* 164 F.3d 215, 22. Plaintiff's complaint contains no facts regarding Defendant Wilson which would satisfy the above criteria. As the complaint fails to state a claim against Defendant Wilson, in either his official or individual capacities, he should be dismissed as a party. *See Farr v.Anderson Cty. Det. Ctr.*, 2007 WL 433263, at *4 (D.S.C. 2007).

Additionally, Defendant Shepardson is immune from suit. All of the allegations against Defendant Shepardson are related to his role as foreman of the Grand Jury. Members of the Grand Jury are immune from suit under § 1983. *See Anderson v. Miller*, 2008 WL 5100845(D.S.C. 2008)(citing *Martone v. McKeithen,* 413 F.2d 1373, 1376 (5th Cir.1969) (members of grand jury immune from liability under the civil rights statutes). Accordingly, Defendant Shepardson is subject to summary dismissal.

---

[3] In South Carolina, the Attorney General is the chief prosecuting officer of the State. *See* S.C. Const. art. v, § 24. Regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; and S.C.Code Ann. § 1–7–310 (Westlaw 2012). Solicitors are elected by voters of a judicial circuit, who then in turn appoint the Assistant Solicitors. *See Davis v. Wilson*, 2012 WL 5245360, at *2 (D.S.C. 2012) report and recommendation adopted, 2012 WL 5239503 (D.S.C. Oct. 23, 2012)*(citing Anders v. Cnty. Council for Richland Cnty.,* 284 S.C. 142, 325 S.E.2d 538, 53940 (1985)).

Plaintiff also names as a Defendant Sheriff Steve Loftis. This court has held that under South Carolina law sheriffs and deputy sheriffs are agents of the state and not of the counties: "[i]t is well-established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State." *Carroll v. Greenville Cty. Sheriff's Dept.,* 871 F.Supp. 844, 846 (D.S.C.1994)(quoting *Gulledge,* 691 F.Supp. at 955). Similarly, "South Carolina's county governing bodies 'have no measurable control over the appointment, discharge, ..., duties, or policies of the [sheriff and his deputies]." *Id.* at 955 (quoting *McConnell,* 829 F.2d at 1327); *see also McCall v. Williams,* 52 F.Supp.2d 611, 615 (D.S.C. May 19, 1999) ("As an arm of the State, a deputy sheriff is entitled to Eleventh Amendment immunity from civil damages suits in federal court, unless the state expressly waived this immunity."). Again, under the Eleventh Amendment, a state is immune from suit in federal court unless is has waived its sovereign immunity. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1999); *see also Gulledge v. Smart,* 691 F.Supp. 947, 954 (D.S.C.1988). As South Carolina has not waived its sovereign immunity, to the extent Plaintiff's suit is against Sheriff Loftis in his official capacity, he is entitled to Eleventh Amendment immunity.

In regards to any individual liability on the part of Sheriff Loftis, Plaintiff has not alleged that Loftis was personally involved in the events related to his underlying arrests. It appears that Plaintiff is suing Defendant Loftis in his position as Sheriff in a supervisory role over the individual officers involved in the recited facts. As noted supervisory officials may be held liable only in certain circumstances for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud,* 13 F.3d 701, 798 (4th Cir.1994). However, Plaintiff's complaint contains no facts regarding Defendant Loftis that would satisfy the above outlined criteria for supervisory liability. *See Carter v. Morris,* supra. As the

10

complaint fails to state a claim against Defendant Loftis, in either his official or individual capacity, he should be dismissed as a party. *See Farr v.Anderson Cty. Det. Ctr.*, 2007 WL 433263, at *4 (D.S.C. 2007).

Plaintiff's Complaint should also be summarily dismissed insofar as it seeks to impose §1983 liability for purported constitutional violations against Defendants Price and Stalvey based on Plaintiff's allegations that their legal representation has been inadequate. To state a plausible claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961) A defense attorney in criminal court, whether retained, court appointed, or a public defender, does not act under color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Liberally construing his pro se pleading, what Plaintiff is claiming in his Complaint is that his defense attorney(s) may be liable to him for legal malpractice (also known as legal negligence); however, in absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993) (legal malpractice case heard in state court); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991) (same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is diversity jurisdiction over his

Complaint because Plaintiff and all the Defendants are residents of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). As a result, there is no basis on which this court could exercise its diversity jurisdiction in this case to consider a legal malpractice action between Plaintiff and Defendants Price and Stalvey.

Plaintiff also indicates in his Complaint that Officers Braham, B. Cothran, O'Nell, Collier, Munoz and C. Cothran were involved with his April 24, 2014 arrest and that Officers Vaughn, Irick, Harvell, Hyatt, Collier, and Brown were involved with his July 30, 2014 arrest. In connection with his arrests, Plaintiff asserts that his Fourth Amendment rights[4] have been violated.[5] Any claims with

---

[4] The Court notes that Plaintiff indicates in a conclusory fashion in his discussion of both arrests that the officers "made an unlawful arrest and used unreasonable force in detaining Plaintiff in violation of the Fourth Amendment." Doc. # 1 at p. 12, 16. These allegations by Plaintiff are vague and conclusory in nature. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). At most, Plaintiff's allegations are similar to a legal conclusion, without any

regard to these two arrests, and Plaintiff's October 2015 conviction for possession of Burglary tools must fail based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

---

supporting facts. The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir.2009) (*citing Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999)). Accordingly, it is recommended that any potential excessive force claims be dismissed for failing to meet the pleading requirements of Rule 8.

[5]The complaint appears to allege false arrest and malicious prosecution claims. Plaintiff acknowledges that he was arrested pursuant to a warrant on both charges. See doc. #1-1, p. 14 & 18. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir.1998) (*citing Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir.1996)). The Fourth Circuit recently reiterated that "a false arrest claim must fail where it is made pursuant to a facially valid warrant." *Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir.2010) (*quoting Medows v. City of Cayce*, No. 3:07–409, 2008 WL 2537131, at *3 (D.S.C. June 24, 2008) (quotations and citations omitted)). As it appears from the submissions by Plaintiff that he was arrested pursuant to a facially valid warrant as to both charges, any false arrest claims must be dismissed. To the extent Plaintiff alleges a malicious prosecution claim based on defects in the issuance of the arrest warrant or in the arrest warrant itself, this type of claim is typically construed as one for malicious prosecution. *See Brooks*, 85 F.3d at 182 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause ... are analogous to the common-law tort of malicious prosecution."); see also Dorn, 375 F. App'x at 285–86. To state a § 1983 malicious prosecution claim, Plaintiff must show, at least, that "defendant[s] have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.' " Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir.2005) (quoting Brooks, 85 F.3d at 183–84). A discussion of the latter requirement of favorable termination is conducted herein. *See infra* at p. 14-15.

13

> We hold that, in order to recover damages [or other relief][6] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed

---

[6] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

14

criminal trial and complaints about how the prosecution was conducted, as well as another criminal case which has been terminated based upon prosecutorial discretion, *Wallace* is inapplicable and *Heck* controls.

As to Plaintiff's October 2015 conviction for possession of burglary tools, it is not clear what, if any, steps Plaintiff has already pursued to directly or collaterally challenge his October 2015 possession of burglary tools conviction. However, Plaintiff offers no facts to suggest that he has been successful in having the relevant 2015 conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by the various law enforcement participants if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to Defendants Braham, B. Cothran, O'Nell, Collier, Munoz and C. Cothran as to all claims related to Plaintiff's conviction for possession of burglary tools.

*Heck'*s requirement that convictions be set aside or charges finally dismissed without the possibility of revival before a § 1983 claim based on allegedly unlawful circumstances surrounding a criminal prosecution may be pursued is a "favorable termination" rule as required for state-based malicious prosecution claims. *See Brooks v. City of Winston–Salem, N.C.,* 85 F.3d 178, 183 (4th Cir.1996). Under applicable law, if a conviction is not actually obtained on the disputed charge or charges, the favorable termination rule requires that the prosecution of this criminal charges on which an alleged constitutional violation claim is based be terminated "for reasons indicative of the innocence" of the criminal defendant (the civil plaintiff). Restatement (Second) of Torts § 660 (1977). In this regard, this court and others hold that a simple, unexplained *nolle prosequi* or

15

"dismissal" or "disposal" of pending state charges that results in the dismissal of the charges for reasons *other than* the defendant's innocence does not satisfy the *Heck* "favorable termination" requirement. *See Wilkins v. DeReyes,* 528 F.3d 790, 802–03 (10th Cir.2008); *Washington v. Summerville,* 127 F.3d 552, 558–59 (7th Cir.1997); *Posr v. Court Officer Shield # 207,* 180 F. 3d 409 , 418 (2nd Cir. 1999). *Jackson v. Gable,* 2006 WL 1487047, at *6 (D.S.C. May 25, 2006); *see also Nicholas v. Wal–Mart Stores, Inc.,* 33 F. App'x 61, 64–65 (D.S.C.2002) (state-law based malicious prosecution; favorable termination requirement).

Plaintiff's allegations, if true, would necessarily invalidate the April 2014 charge for petit larceny, which was disposed of in connection with his October 2015 possession of burglary tools conviction. Plaintiff was found guilty on the criminal charge of possession of stolen goods on October 15, 2015. The next day, his long pending petit larceny case was dismissed, pursuant to prosecutorial discretion. Plaintiff has not shown, or even alleged, that the April 2014 state charges were terminated in his favor so as to avoid the *Heck v. Humphrey* bar to his § 1983 claims against any of the defendants based on their involvement in his arrests for the petit larceny charges *See Mixson v. Burke*, 2013 WL 1282036, at *3 4 (D.S.C. 2013) aff'd, 2013 WL 1281898 (D.S.C. Mar. 27, 2013); *See* Restatement (Second) of Torts § 672 (1977) (plaintiff has burden of proving favorable termination); *see also Key v. Miano,* 2012 WL 5398191, at *3 (Oct. 10, 2011), adopted, 2012 WL 5398191 (D.S.C. Nov.2, 2011).

Finally, Plaintiff sues Defendant White, the Mayor of Greenville, South Carolina asserting that he has "failed to provide proper 'training and supervision' to Sheriff Steve Loftis, Solicitor W. Walter Wilkins, Mark Moyer, Assistant Solicitor . . ." Doc. # 1 at 14. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge*

16

*v. Gibbs,* 550 F.2d 926, 928 (4th Cir.1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Cox v. U.S. Attorney General, et al.,* 2012 WL 1570110 at *2 (D.S.C. April 10, 2012); *Howard v. Childs,* 2012 WL 527596 at *4 (D.S.C. Jan.19, 2012). Because the instant pleadings provide no specific factual allegations as to how Defendant White has violated Plaintiff's constitutional rights, Plaintiff fails to establish personal liability against this Defendant. Even if Plaintiff names Defendant White in his capacity as mayor, supervisory liability cannot rest on the doctrine of respondeat superior, *Carter v. Morris,* 164 F.3d 215, 221 (4th Cir.1999). As Plaintiff provides insufficient factual allegations to subject Defendant White to personal or supervisory liability, he should be summarily dismissed from this case. *See Mincy v. Richland Cty. Det. Ctr.*, 2012 WL 1987196, at *2 3 (D.S.C. May 9, 2012).

## RECOMMENDATION

Accordingly, it is recommended that the district court dismiss the complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). As noted above, it is recommended that Defendants Officer Braham, Benjamin Cothran, Michael Onell, Officer Collier, Officer Munoz, Charles Cothran, Sheriff Steve Loftis, E. Powers Price, Alex Stalvey, Allen Wilson, W. Walter Wilkins, Mark Moyer, Knox White, Darren Vaughn, Edward Irick, Officer Harvell, Kitty Hyatt, S. Brown, and Wayne Shepardson be summarily dismissed without issuance and service of process.

IT IS SO RECOMMENDED.

s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

February 29, 2016<br>Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).